# Lindsay *v.* Dutton, Appellant.

*Principal and agent—Real estate broker—Agreement of sale—Evidence.*

1. In an action against a real estate broker to recover secret profits made on a sale of land negotiated by the defendant, the agreement of sale is admissible in evidence, although not in agreement with the averments in plaintiff's statement of claim to show the fact of the sale and the terms upon which it was made.

*Appeals—Assignments of error—Charge—Exceptions.*

2. An assignment of error to the charge of the court will not be considered where it appears that no exception was taken to the charge at the trial.

*Practice, C. P.—Evidence—Pleading.*

3. At the trial of an action of assumpsit the pleadings in a prior equity suit between the same parties are admissible as admissions to contradict their evidence in the case on trial, or to affect their credibility; but they are not to be taken as estopping the parties against whom they are offered, from taking a different position in the case on the law side of the court.

*Appeals—Assignments of error—Improper assignment.*

4. An assignment of error will not be considered, which does not point out any error committed by the court below, is not based on any exception, and is an attempt to raise in the appellate court a question not raised or considered in the court below.

Argued Jan. 13, 1910. Appeal, No. 311, Jan. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1908, No. 4,118, on verdict for plaintiffs in case of E. Ella Lindsay, Executrix of Daniel S. Lindsay, deceased, John Eckstein Beatty and George W. Boyer *v.* Lewis G. Dutton. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for money had and received. Before AUDENRIED, J.

The facts appear by the opinion of the Supreme Court.

At the trial Mr. Embery offered in evidence agreement between G. Edward Bartram and James McGlinn per G. W.

Boyer for the sale of the property that has been identified by the witness, dated July 7, 1905, for a consideration of $12,000, etc.

Offer objected to, as the agreement is not in accordance with the pleadings.

Objection overruled.

Exception noted for defendant by direction of the court. [1]

Defendant presented these points:

1. That plaintiffs are estopped from alleging that defendant was a party in interest in said transaction because in a suit brought by defendant, as plaintiff, against the plaintiffs, as defendants, in equity, in C. P. of Delaware county, in which the subject in dispute was the claim of the plaintiff (Dutton) to an interest in the said property, said pleadings being made a part of the evidence in this case, plaintiff averred that "the said conveyance was executed in pursuance of an agreement with G. Edward Bartram with which the plaintiff had nothing whatever to do save as set forth in paragraph 3 of this answer," and in paragraph three plaintiffs aver an agreement with Dutton "that the said Dutton should become one of the parties in interest in the premises, to have an interest in proportion to the amount he should contribute towards the purchase price of said property, and that Dutton informed the said Boyer that he did not care to become interested in the property and would contribute nothing towards the purchase price. *Answer:* Refused. [7]

2. That if defendant agreed to become interested in the deal and to take an interest in the property in proportion to the amount, he should contribute towards the purchase price of the property, but before settlement he declined to become interested in the property with the plaintiffs, or to contribute anything towards the purchase price thereof, and the plaintiffs went on and settled for the property and gave defendant no interest therein, that defendant was not a partner and cannot be held liable to account as such for any profit he made from the sale of same. *Answer:* Refused. [8]

Verdict and judgment for plaintiffs for $2,390. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2–6) portions of charge; (7, 8) refusal of defendant's points and (9) assignment quoted in the opinion of the Supreme Court.

*W. H. Woodward,* for appellant.

*Joseph R. Embery,* for appellees.

OPINION BY MR. JUSTICE POTTER, February 14, 1910:

The basis of the present action is the allegation that defendant, Lewis G. Dutton, a real estate agent doing business in Philadelphia, was the agent of the plaintiffs in this case, in negotiating for the purchase of a certain piece of real estate, and that he made a secret profit in the transaction without the knowledge or consent of his principals, which profit they seek to recover in this suit.

From the record, it appears that there was evidence tending to show the following facts: On March 14, 1905, G. Edward Bartram, who was the owner of a tract of land at Collingdale, Delaware county, entered into an agreement with Dutton, to pay the latter, out of the sum received from the sale of the property, any excess over $10,000 which he might receive. A few weeks afterwards one Jerome Bacon called on Dutton, and asked him to get from Bartram the lowest figure at which the property could be bought. Dutton reported that the lowest price was $12,000. Bacon then saw the plaintiff, George W. Boyer, and told him of the opportunity to buy the land in question, and interested him in the matter. Boyer saw Dutton, and later proposed that they should share the profits on the purchase. Boyer suggested that if he should go to see Bartram he might get the land at a lower figure, but Dutton persuaded him not to do so, saying that he would try to get a reduction in the price. Dutton afterwards reported to Boyer that he had seen Bartram, but could not get the land for a cent less than $12,000. Bartram and Boyer then met, and on July 7, 1905, an agreement of sale was made between Bartram and James McGlinn, who was Boyer's representative, for the consideration of $12,000. The deed was afterwards made to

Bacon, who immediately transferred the title to Lindsay, as trustee. Bartram paid Dutton $2,000 out of the purchase money, in cash, and by the cancellation of certain indebtedness. Boyer did not learn until January or February, 1906, of the agreement between Dutton and Bartram, or that Dutton had received any part of the purchase money for the land.

Upon the trial before AUDENRIED, J., the questions submitted by the court to the jury were two: Whether defendant was agent for plaintiffs; and whether they consented to his receiving the $2,000 from the purchase money for his own benefit. The jury answered the first question in the affirmative, and the second in the negative, and found a verdict for plaintiffs for the full amount of their claim, with interest, upon which judgment was entered. Defendant has appealed, and has filed nine assignments of error.

In the first assignment, counsel for defendant objects to the admission in evidence of the agreement of sale between Bartram and McGlinn, upon the ground that it is not in accordance with the averments in plaintiffs' statement of claim. This assignment was argued as though it involved the right of plaintiffs to recover; but it does not; it only goes to the admission of the agreement in evidence. This agreement was not the basis of plaintiffs' action. It was only evidence to be taken in connection with other testimony, showing the fact of sale, and the terms, and it was admissible as such. The substantial cause of action as set forth in the statement, was the misrepresentation by Dutton of the cost of the property, and the resulting secret profit to himself. And it was upon this cause of action that plaintiffs relied at the trial. The facts that other parties became interested in the agreement after it was made, that the time for settlement was extended, or that slight changes in its terms were made by mutual agreement, cannot affect the question of its admissibility. The price named was the essential feature, and the settlement between Bartram and Boyer was made under the original agreement in that respect. It cannot be pretended that the statement did not give defendant full notice of what he was to meet at the trial, or that he was surprised by the evidence, in this respect.

The second, third, fourth, fifth and sixth assignments all allege error in the charge of the court. But the record shows that no exception was taken to the charge at the trial, nor was there any request that the charge should be reduced to writing and filed of record. These assignments will not therefore be considered. "There must be an exception noted to the charge before verdict to enable the complaining party to successfully assign errors thereto afterwards:" Curtis v. Winston, 186 Pa. 492, 497. "An appeal will be quashed where the only errors assigned are to the charge of the court, and it appears that no exception was taken to the charge at the trial:" McConnell v. Penna. R. R. Co., 206 Pa. 370.

It appears that after the settlement with Bartram for the Collingdale property, and before the present suit was brought, Dutton, the defendant here, filed a bill in equity in the court of common pleas of Delaware county, against the present plaintiffs, Bartram and Bacon, in which he sought to have himself declared a party in interest in the trust created for the property, and Lindsay declared a trustee for his benefit. At the trial of this case, the plaintiffs offered in evidence the bill, answer and supplemental answer in that case. The record does not show what disposition was made of that case, or whether any final decree was entered. In his first point for charge, in the present case, defendant requested the trial judge to instruct the jury that the plaintiffs were "estopped" from alleging that defendant was a party in interest in the transaction, because in their answer filed in the equity suit, they had made certain statements alleged to be inconsistent with such an allegation. The refusal of this point by the trial judge is made the subject of the seventh assignment of error.

The pleadings in the equity suit were properly admitted as evidence of admissions by the parties concerned, to contradict their evidence in this case, or to affect their credibility. But they are not to be taken as estopping them from taking a different position in this case. As the seventh point went to the extent of requesting a binding instruction to the effect that the plaintiffs were "estopped" by their answer in the equity suit, it would have been error for the trial judge to have affirmed

the point.  The answer could have been taken for nothing more than an admission on their part, to be considered with the other evidence by the jury in this case.  The point was properly refused.

In the eighth assignment, error is alleged in the refusal of defendant's second point, in which the trial judge was asked to instruct the jury that defendant was not a partner, and cannot be held liable to account as such for any profit made from the sale of the property.  This point was not relevant to the issue being tried, and was properly refused.  Plaintiffs were not attempting to hold defendant as a partner, but as their agent, and the case was submitted to the jury solely on the question of agency.

The ninth assignment is as follows: "The appellant specifies as error in the cause that it appears from the record that one Jerome Bacon is a party in interest with the plaintiffs in the matter litigated, and by reason of the nonjoinder of said Bacon as plaintiff, the said judgment, if affirmed, will not protect the defendant from a similar suit by said Bacon in regard to the matter actually litigated."  This specification is invalid, as it does not point out any error committed by the court below, is not based on any exception, and is an attempt to raise here a question not raised or considered in the court below.  It might, therefore, be dismissed without further comment.  It does not, however, appear from the evidence that Bacon was a necessary party plaintiff to this suit.  He testified that he had no interest in the purchase of the land, and his only interest was under an agreement made after the settlement, between himself and the plaintiffs, by which he was to receive a share of the profit, if any should be made.  Any money recovered from Dutton in this case, will go to reduce the amount of the purchase money, and will belong to those who furnished it.  Bacon's contract was not with Dutton, the defendant, but was with the plaintiffs, and related to the profits only.  No such question is involved in the present case.

We see no merit in any of the assignments of error; they are all dismissed, and the judgment is affirmed.