# Barclay, Appellant, *v.* Barclay.

*Partnership—Evidence—Decree pro confesso—Admission against interest—Estoppel—Adjudication by orphans' court.*

1. In an action upon promissory notes where the defendant sets up as a defense that he was a partner of the plaintiff; and that there had been no prior accounting between them, the court makes no error in admitting in evidence the record of a decree pro confesso against the plaintiff, in an equity suit against him and another by the defend-

ant for an accounting as partners, where such evidence is admitted, and treated in the charge, not as an estoppel, but merely as an admission against interest and the admission for such purpose is acquiesced in by the plaintiff.

2. In an action upon promissory notes against an administrator and another, a verdict for the administrator is properly directed, where the record of the orphans' court offered in evidence shows that the plaintiff had presented the notes in suit as a claim at the audit of the administrator's account, and that the claim was disallowed because it was barred by the presumption of payment, and also on the ground that the claimant had been a partner of the decedent, that the amount which he claimed had been carried on the books of the firm to his credit, blended with other moneys arising from his share of profits, and that his interest in the partnership had been sold at sheriff's sale.

3. While the orphans' court has no jurisdiction to settle a partnership account, it may consider the demand of one claiming as a firm creditor against the estate of a deceased partner.

Argued Jan. 4, 1911. Appeal, No. 113, Jan. T., 1910, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1907, No. 4086, on verdict for defendants in case of William K. Barclay *v.* John K. Barclay and the Philadelphia Trust, Safe Deposit & Insurance Company, Administrator. of Samuel G. DeCoursey, late trading as Barclay & Barclay. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit upon promissory notes, the amounts and dates of which were as follows: July 1, 1868, $53,897.83; July 1, 1868, $20,000; July 15, 1868, $702.17 and a receipt dated July 14, 1869, for $1133.90. Before MARTIN, P. J.

At the trial counsel for John K. Barclay made the following offer:

Mr. Pepper: I also offer in evidence the record of the equity suit of John K. Barclay *v.* William K. Barclay and Samuel G. DeCoursey, March Term, 1896, No. 861, in C. P. No. 2.

Mr. Mason: I ask for an offer of proof.

Mr. Pepper: The purpose of the offer is to show that in this proceeding the bill was filed by the present defendant,

John K. Barclay, against the present plaintiff, William K. Barclay and Samuel G. DeCoursey, in which it was averred that the three were members of the firm of Barclay & Barclay and that the bill was served upon the defendant and that the decree pro confesso was made against the defendant, which decree has not been opened. This for the purpose to constitute the basis of our contention that until that decree is opened, the plaintiff cannot in this court or any other court in this jurisdiction assert to the contrary of that which the decree established. He is estopped by that decree from disputing the fact of his partnership.

Objected to.

(After argument.)    Mr. Pepper: I renew my offer of the record in the case which I have specified. I offer the whole record and read for the purpose of getting on the notes the first paragraph of the bill, which is as follows:

1. He and the two defendants were heretofore copartners, trading as Barclay & Barclay. The place of business of the copartnership was the city of Philadelphia.

And the second prayer for relief which was as follows:

2. That an account be taken of the late partnership transactions as of the first day of July, 1890, and that the balances for and against the said partners severally be ascertained.

From the answer filed by DeCoursey in that case in paragraph 2, as follows:

2. The defendant admits the truth of the averments contained in the second paragraph of the bill of complaint.

And the docket entries which show that on May 12, 1896, the affidavit of service of the bill was filed and that on May 12, 1896, judgment pro confesso against William K. Barclay for want of appearance was entered.

Mr. Mason: I have no objection to the offer if it be confined to proof of the admission on the part of the plaintiff in this action. If that is the purpose of it and if that is the effect to which it is confined, I have no objection, but I object to the offer of the record just at this time.

Objection overruled. Exception for plaintiff. [1]

Other facts appear by the opinion of the Supreme Court.

The court directed a verdict for the defendant, The Philadelphia Trust, Safe Deposit and Insurance Company, Administrator of Samuel G. DeCoursey.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned,* amongst others were (1) ruling on evidence, quoting the bill of exceptions, and (10) in directing a verdict for the administrator.

*Henry Budd,* with him *Franklin S. Edmonds,* and *William C. Mason,* for appellant.—The record of the equity suit should not have been admitted as an estoppel: Roemer v. Newman, 26 Fed. Rep. 332; Frow v. De la Vega, 15 Wall. 554; Clason v. Morris, 10 Johns. 524; Rose v. Woodruff, 4 Johns. Ch. 547; Russell v. Lathrop, 122 Mass. 300; Dusing v. Nelson, 7 Col. 184; Johnson v. Everett, 9 Paige Ch. 636; Brush Electric Co. v. Western Electric Company, 76 Fed. 767; Himiston v. Sainthrop, 2 Wall. 106; McGourkey v. Ry. Co., 146 U. S. 536.

The law is clear that the orphans' court has no jurisdiction to determine the existence of a partnership or to settle the accounts of one: Weigley v. Coffman, 144 Pa. 496; Bayley's App., 60 Pa. 354.

*H. Gordon McCouch* of *Dickson, Beitler & McCouch,* for the administrator of S. G. DeCoursey.

*G. W. Pepper,* with him *W. B. Bodine, Jr.,* for John K. Barclay.

OPINION BY MR. JUSTICE FELL, February 27, 1911:

We do not find that the record in this case raises the question elaborately argued on behalf of the appellant, whether a decree, pro confesso, for want of an appearance, entered against one of the defendants in a bill for a

partnership accounting estops him in a subsequent proceeding between the same parties from denying that he was a partner. This action was brought in 1907 to recover on obligations of a partnership given to the plaintiff in 1868 and 1869. The main ground of defense was that the plaintiff was a member of the partnership when the obligations were given and therefore could not maintain an action until there had been a partnership accounting. In support of this ground the defendant offered in evidence the record of a proceeding in equity for a partnership accounting in which the plaintiff in this action was one of the defendants, in which a decree, pro confesso, for want of an appearance, was entered against him. When the offer was made, it was stated that the purpose was to establish an estoppel. A general objection was made to the offer, but the plaintiff's counsel said that he made no objection to the admission of the record as proof of an admission by the plaintiff in this action. The evidence was admitted and was treated only as an admission against interest. If it had been regarded as an estoppel, it would have ended the case. After its admission, the plaintiff notwithstanding an objection by the defendant was allowed to testify that he had not been a member of the firm. The record was referred to in the charge as an item of evidence merely, and it was submitted to the jury with the other evidence on the question of partnership.

The defendants in this action were John K. Barclay and The Philadelphia Trust, Safe Deposit & Insurance Company, Administrator of Samuel G. DeCoursey, late trading as Barclay & Barclay. A verdict was directed in favor of the administrator on proof by it of a record of the orphans' court which showed that the identical claim on which this action is based was presented to that court at the audit of the administrator's account, and disallowed, and that the adjudication of the auditing judge was confirmed by the court in banc. The decree of the orphans' court was affirmed by this court in DeCoursey's Estate, 211 Pa. 92. It is argued that the orphans' court disal-

lowed the claim because it was without jurisdiction and that its decree was final as to that matter only, and did not affect the right of the plaintiff in any other proceeding to recover on the merits of his claim. We do not find that this contention is sustained by the record of the orphans' court. The claim was disallowed by the auditing judge because it was barred by the presumption of payment, the claim being then thirty-six years old; and because the evidence showed that the claimant was a member of the firm of Barclay & Barclay and that the amount which he claimed was carried on the books of the firm to his credit, blended with other moneys arising from his share of profits and that his interest in the partnership had been sold at sheriff's sale. The adjudication ends as follows: "Thus, it would seem, all possibility of right on the part of William K. Barclay as against the firm of which he was a member or as against either of his former partners has been completely eliminated." This was a direct finding as to the validity of the claim against the decedent's estate. It is true that the orphans' court has no jurisdiction to settle a partnership account: Miller's Estate, 136 Pa. 239; Weigley v. Coffman, 144 Pa. 489, and it did not undertake to do so. But it had jurisdiction to consider the demand of one claiming as a firm creditor against the estate of a deceased partner. This it did and its decree is conclusive.

We find no merit in any of the assignments and the judgment is affirmed.