# Ziserman, Appellant, *v.* Philadelphia Rapid Transit Co.

*Appeals—Practice, Supreme Court—Exceptions to charge—Assignments of error.*

1. Where no exception is taken to the charge of the court below, the Supreme Court cannot consider assignments of error complaining of alleged errors therein.

*Negligence—Operation of trolley cars—Collision—Charge of court—Due care.*

2. In an action against a street railway company it appeared that plaintiff was injured in consequence of the collision of a trolley car of defendant company with his wagon, on a dark rainy night. The evidence showed that the street where the accident occurred was partially obstructed in consequence of work being performed on the track. Plaintiff requested the court to charge the jury that "if you believe the testimony of the plaintiff's witnesses, as to the condition of the street, and that it was a dark, wet and misty evening, on the night of the accident, then the defendant company and its employees were charged with a greater degree of care in running the trolley car, under the circumstances, in order to avoid a collision with a passing vehicle." *Held,* that the refusal of the court to affirm the point was not error.

Argued April 3, 1913. Appeal, No. 96, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1906, No. 1269, on verdict for defendant in case of Max Ziserman v. Philadelphia Rapid Transit Company. Before Brown, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Carr, J.

From the record it appeared that on 31 October, 1906, between 5:30 and 6 P. M., appellant, with his employee, one Haberman, was driving east on Poplar street, approaching Seventh street. When they came to Seventh street, according to plaintiff's testimony, they looked and listened for the approach of a car from the south.

They could see about 200 feet, the night being stormy. The first observation towards the south was made when plaintiff's horse's head was close to the track; he then saw no car.

The ground on Seventh street at Poplar, and for some distance below Poplar, was dug up, for the purpose of repairing the track; to afford vehicles on Poplar street a means of crossing, planking had been laid down about eight feet wide.

Plaintiff's testimony was that when his horse and part of his wagon had crossed the track, so that his horse's head had reached the farther or eastern curb of Seventh street, and his hind wheel was still on the crossing at the west rail, he looked again and saw a car about 150 feet away; he continued to drive at a good rate, but in spite of this, the car struck the hind wheel of the wagon and continued to the north side of Poplar street, where it stopped; that the car was running from 19 to 20 miles an hour, and that plaintiff heard no gong. The trolley car had the usual headlight. The plaintiff was thrown to the ground and injured.

No exception was taken by the plaintiff to the charge, but he excepted to the refusal of his sixth point for charge, which was as follows:

"6. In this case, if you believe the testimony of the plaintiff's witnesses, as to the condition of the street, and that it was a dark, wet and misty evening, on the night of the accident, then the defendant company and its employees were charged with a greater degree of care in running the trolley car, under the circumstances, in order to avoid a collision with a passing vehicle."

Verdict for defendant and judgment thereon. **Plaintiff** appealed.

*Errors assigned* were various instructions to the jury, and the refusal of the court to charge as requested by the plaintiff.

*Horace M. Rumsey,* for appellant.

*Owen J. Roberts,* with him *Sydney Young,* for appellee.

PER CURIAM, May 5, 1913:

The first, second, third and fourth assignments of error cannot be considered, as no exception was taken to the charge: Lindsay v. Dutton, 227 Pa. 208. Plaintiff's sixth point was properly refused. The duty that rested upon the defendant was the exercise of due care under the circumstances—not greater than they required.

Judgment affirmed.