# Kuhn v. Pennsylvania Railroad Co., Appellant.

*Workmen's compensation—Railroads—Course of employment—*
*Estoppel—Referee—Findings of facts—Agreement of settlement—*
*Knowledge of facts.*

1. A railroad company which defeats an action of negligence brought against it by the widow of a deceased employee, solely on the ground that the case is one for the Workmen's Compensation Board, will not be permitted thereafter to assert, in a hearing under the Workmen's Compensation Act, that decedent was not in the course of his employment at the time of his death.

2. The Workmen's Compensation Board has jurisdiction to allow compensation for an injury or death only where they occurred in the course of an employment, and hence an averment that it alone has jurisdiction to allow compensation therefor, necessarily affirms the injury arose in the course of the employment.

3. Findings of fact by a referee which are approved by the board and are not excepted to, must be taken as true.

4. An agreement of settlement made in good faith is not legally invalid simply because one of the parties entered into it without a full knowledge of the facts, especially if the other party has acted thereon before there is an attempt to rescind it.


Argued April 19, 1921. Appeal, No. 304, Jan. T., 1921, by defendant, from judgment of C. P. Blair Co., March T., 1920, No. 235, affirming decision of Workmen's Compensation Board which sustained an award by the referee in favor of claimant, in case of Cora A. Kuhn v. Pennsylvania Railroad Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.


Appeal from decision of Workmen's Compensation Board sustaining award of referee in favor of claimant. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

The court affirmed the decision of the board. Defendant appealed.

Error assigned, inter alia, was judgment, quoting it.

Oliver H. Hewitt, with him Riley & Hicks and Thos. H. Greevy, for appellant.

John M. Snyder, for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 9, 1921:

Plaintiff's husband, an employee of defendant, was killed under circumstances not necessary to be here detailed. She made a claim before the Workmen's Compensation Board, pending which a settlement was agreed upon, and for this reason the compensation claim was disallowed by the referee. Payment not having been made in accordance with the agreement, she brought suit in the court of common pleas to recover the amount agreed upon; defendant demurred, averring "It appears from the face of the plaintiff's amended statement that the referee under the Workmen's Compensation Act of Assembly of June 2, 1915, P. L. 736, has the exclusive jurisdiction to try and determine the issues in this case," which demurrer was sustained and the action dismissed. Thereupon plaintiff filed a new petition with the board, attaching a statement in regard to the above action; defendant answered, alleging, inter alia, that "The settlement averred by claimant was entered into without a full knowledge of the facts and was not consummated by reason thereof, and after-discovered evidence," but not otherwise attacking the agreement of settlement. Upon this point the referee reported that the "agreement [of settlement] had been entered into by an authorized representative of the defendant company to pay the claimant a certain sum of money on account of the death of her husband, which the defendant company afterwards repudiated, and suit was brought in the Court of Common Pleas of Blair County to collect on the agreement," but was dismissed by reason of the demurrer above quoted. The referee made an award in her favor, which

was sustained both on the facts and law by the board and the court below.

The findings of fact last quoted, which were not excepted to below and are not assigned for error here, are conclusive of the controversy; for they show defendant had agreed to pay her a certain sum in compromise of her claim; that in reliance on the agreement, at defendant's request, she took out letters of administration on her husband's estate, and permitted her first claim before the board to be dismissed; and that the action at law to recover the amount agreed upon in settlement was defeated solely because of defendant's demurrer, which alleged her claim could be adjudicated only under the Workmen's Compensation Act. This latter averment could be correct only if her husband was killed in the course of his employment, for it is to such cases only the act applies. This question is, therefore, conclusively adjudicated as between plaintiff and defendant, and since the latter avers it is the only question raised by the appeal, we must affirm the judgment.

It may be added that the excuse given by defendant for not carrying out its agreement of settlement, is legally invalid, since it put plaintiff to cost and trouble and obtained a dismissal of the original petition, and yet alleges nothing against the binding effect of the agreement except its own failure to ascertain the actual facts in the case.

The judgment of the court below is affirmed.