Scull, Sr. *v.* Scull, Jr. et al.

Argued April 17, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*L. Barton Ferguson,* for appellant, cited: Sitler v. Fire Insurance Co. (No. 1), 18 Pa. Superior Ct. 139; Wilson v. Fire Insurance Co., 174 Pa. 554; Kremer v. Rhode Island Insurance Co., 97 Pa. Superior Ct. 27.

*Max M. Bergad,* for appellee, cited: Shand's Estate, 275 Pa. 77; The Lycoming Mutual Insurance Company v. Sailer, 67 Pa. 108.

OPINION BY BALDRIGE, J., July 14, 1933:

This is an appeal by an insurance carrier from the decree of the court affirming an award by the compensation authorities.

The parties to this appeal agreed to the following facts: A policy of workmen's compensation insurance was issued to "George R. Scull, d. b. a. [doing business as] Scull Dairy," on October 2, 1929, for a period of one year. In November, 1929, George R. Scull, Sr., the owner of the dairy, transferred his interest therein to his son, George R. Scull, Jr., who thereupon became its sole owner. In April, 1930, he employed his father, who, on October 24, 1930, met with a serious injury during the course of his employment. The appellant's local agent, James E. Mason, was notified in November, 1929, by George R. Scull, Sr., of the transfer of his interest in the Scull Dairy to his son, who, also, on two occasions, January and September, 1930, gave notice to the agent of his

ownership. The agent, however, never notified the appellant company of the transfer. In the fall of 1930, when George R. Scull, Jr., made inquiry of this agent concerning his compensation policy, he was informed that the old policy had been renewed and would be delivered in a few days. A policy containing the same terms, conditions and name of the insured as the original policy was delivered to George R. Scull, Jr., who paid the premium thereon. The only change was that the new policy was in force from October 2, 1930, to October 3, 1931. The appellant's agent had authority to solicit business, to deliver and countersign policies, and to collect premiums.

The controlling question is, which of the two persons to whom the description applied was insured under the policy of October 2, 1930? Was it George R. Scull, Sr., or his son, George R. Scull, Jr.? Where the identity of a person named in a written instrument is in dispute, it is proper to admit oral testimony: Shand's Est., 275 Pa. 77, 118 A. 623. That was done in this case. The person designated was ascertained to be George R. Scull, Jr. The finding of the compensation authorities on that disputed fact was based upon sufficient competent evidence, and must, therefore, be accepted as true: Kuhn v. P. R. R. Co., 270 Pa. 474, 113 A. 672; Krischunas v. P. & R. C. & I. Co., 296 Pa. 216, 145 A. 905.

It is contended by the appellant, however, that notice to the agent of the transfer of the business from the father to the son is not binding, under conditions "I" and "L" in the policy, which read as follows:

"I. No assignment of interest under this policy shall bind the company unless the consent of the company shall be endorsed hereon.

"L. No condition or provision of this policy shall be waived or altered except by endorsement attached

hereto signed by the president, a vice-president, secretary, or assistant secretary of the company, or the superintendent of its liability department; nor shall notice to any agent, nor shall knowledge possessed by an agent, or by any other person, be held to effect a waiver or change in any part of this contract.''

It is very clear that provision ''I'' is not applicable as there was no assignment of an interest under the policy. The claimant is relying, not on an assignment during the life of the policy, but under a new policy that was issued to a different insured after he acquired the business. Nor was there a waiver of any of the terms or conditions of the policy within the contemplation of the provision in section ''L''. There was not a voluntary relinquishment of any right, benefit or advantage, which the appellant would otherwise have enjoyed. It was simply a question whether or not the agent was properly informed as to the ownership of the business, and he omitted to add ''Jr.'' to the name of the insured. The fact-finding body concluded that George R. Scull, Jr., notified the appellant's agent of his ownership of the business, and that it was he who was named in and covered by the policy. True, it has been erroneously referred to as a renewal policy. In fact, it was a new contract with a different insured, and, therefore, not a renewal of the old policy. If there was a wrong designation in the insured's name after notice was given to the agent, it was a mistake upon his part which did not relieve the appellant from liability, as information he obtained from the insured in the course of this transaction was the knowledge of his principal. It has been frequently held that if there is a mistake in the writing of a policy, and it is due to the neglect of the company's authorized agent, and not the result of misrepresentation or fraud of the insured, it is chargeable to the company itself: Hoffman et al. v. Mutual

Fire Ins. Co., 274 Pa. 292, 117 A. 917; Kocher v. Kocher et al., 300 Pa. 206, 150 A. 468; Carrozza v. National Life Ins. Co., 62 Pa. Superior Ct. 153; Fidelity T. & T. Co. v. Metropolitan Life Ins. Co., 64 Pa. Superior Ct. 361; Soroko v. Woodmen of the World, 76 Pa. Superior Ct. 328; Jabs v. Lancaster Co. Mutual Ins. Co., 101 Pa. Superior Ct. 498.

If we would concede, arguendo, that there was an assignment without consent of the company endorsed on the policy, the agent, having authority to countersign the policy, may waive provisions in it. That is true, notwithstanding that an applicant agrees that no statements made or information furnished shall be binding upon the company unless written in the policy. We said in Witmer v. Royal Ins. Co., Ltd., 68 Pa. Superior Ct. 12, 17: "That an insurance company may waive a condition in a policy by parol, although it contains a stipulation that there shall be no waiver of any condition except upon express agreement endorsed on the policy, must now be accepted as the law of Pennsylvania." See, also, Evans v. Met. Life Ins. Co., 294 Pa. 406, 144 A. 294; Isaac et al. v. D. & C. Mutual Fire Ins. Co., 308 Pa. 439, 162 A. 300. We recognize the rule that a waiver made by an agent who is without authority to write or countersign policies is not binding on the company. But it is not applicable in this case. The insured fairly gave the information to the general agent, who was acting within the apparent scope of his authority, and it is just as effective as "if the transaction had occurred between the plaintiff and the president of the company at its home office": McGinness v. Caledonia Ins. Co. of Scotland, 78 Pa. Superior Ct. 376, 380.

Judgment affirmed.