## Hoyak v. Waring et al.

*John P. Saylor,* for claimant.
*Weimer & Bennett,* for defendants.

GRIFFITH, J., February 9, 1943.—Prior to August 31, 1940, Ralph E. Waring individually operated what he called the "Ferndale Bakery", located in the Borough of Ferndale, Cambria County, Pa. Likewise prior to the same date Walter Richards and H. O. Anderson operated what they called the "Richards and Anderson Bakery", located in the Hornerstown section of the seventh ward of the City of Johnstown, in this county. They operated as partners, each of whom was entitled to an equal share of the proceeds of the business.

On the said August 31, 1940, a partnership agreement was formed by these three men, in which the premises of Richards and Anderson, located in the seventh ward of the City of Johnstown, were to be abandoned and a new partnership was formed to do business at the Waring establishment in the Borough of Ferndale. Each partner was to have a one-third interest in the new business, and the new partnership

was to assume the old debts and collect the old accounts of the former partnership, and likewise, we presume, with respect to the debts and accounts of Ralph E. Waring, although there is no testimony to this effect and this is not material for the purpose of this issue.

Claimant, Steve Hoyak, had been employed for a period of approximately six years by Richards and Anderson in the seventh ward of the City of Johnstown. On or about September 1, 1940, he, together with the other employes in that establishment, moved to the premises formerly owned by Waring individually, and now by the new partnership, also known as the "Ferndale Bakery", situate in the Borough of Ferndale. On September 13, 1940, claimant suffered a traumatic amputation of his right thumb in the course of his employment.

Prior to August 31, 1940, Ralph E. Waring, trading as the "Ferndale Bakery", carried compensation insurance covering his employes with the Continental Casualty Company, and Richards and Anderson carried compensation insurance covering the employes of their partnership, whose business was located in the seventh ward of the City of Johnstown, with the Lumbermens Mutual Casualty Company. Upon the formation of the new partnership and the removal of Richards and Anderson to the location in the Borough of Ferndale, no change was made in this insurance.

At the first hearing before the referee, the referee found that, while the policy of the Lumbermens Mutual Casualty Company, covering Richards and Anderson, did not cover the employes of the new Ferndale Bakery, yet he did find that the policy of the Continental Casualty Company, written for Ralph E. Waring individually as the old Ferndale Bakery, covered the employes of the new Ferndale Bakery. The board reversed this finding by opinion dated September 4, 1941, on the ground that the Continental Casualty Company, by its policy, agreed only to pay compensation to the employes

of Ralph E. Waring, trading as an individual, and that the claimant was not an employe of Ralph Waring but of a copartnership consisting of Waring and two other persons. At the oral argument in this court, counsel for defendants conceded that the Continental Casualty Company is not liable, since the claimant was at' no time employed by its insured, who was Ralph Waring. This admission is so obviously correct that it calls for no comment.

The board, however, returned the case to the referee for further testimony in view of the fact that no accurate statement of the costs of medical and hospital services was on the record. At that hearing, held October 9, 1941, defendant was represented by counsel, and the record contains no offer on the part of defendant to introduce any testimony. Subsequent to the hearing, or on November 18, 1941, defendant filed with the Workmen's Compensation Board a petition for rehearing, in which it was averred:

"2—That at said proceeding they did not present certain evidence in their possession which proved that subsequent to the injury to the claimant both the Continental Casualty Co. and the Lumbermens Mutual Casualty Co. recognized their policies as still being in force"; and

"3—That neither the Continental Casualty Co. nor the Lumbermens Mutual Casualty Co. cancelled their policies in accordance with the terms of the policies, and that at the time of injury to claimant both policies were in force."

After argument on the petition for rehearing, the Workmen's Compensation Board, in spite of the fact that the petition did not contain the required affidavit setting forth what the additional evidence might be, considered the prayer of the petition and refused to order a rehearing on the ground that neither insurance policy covered the new partnership of Waring, Richards and Anderson, trading as the Ferndale Bakery,

which was the employer of the claimant on the date of the accident. With this action on the part of the board, we entirely agree.

It is unfortunate that these defendants, having contracted for workmen's compensation insurance, should be denied the benefit of its protection and, if the case were not a clear one, we would direct a rehearing. In our opinion, however, there is in this matter no room for doubt.

Defendants having themselves eliminated the liability of the Continental Casualty Company—and they could not do otherwise—we have, then, to consider what liability the Lumbermens Mutual Company might have under the policy it had written to cover Walter Richards and H. O. Anderson, trading and doing business as the "Richards and Anderson Bakery".

It is obvious that if claimant had been injured while working in the old premises in the seventh ward of the City of Johnstown prior to August 31, 1940, his injuries would have been insured against by the policy of the Lumbermens Mutual Casualty Company. However, the merger occurred on August 31, 1940, and within a day or two thereafter claimant was transferred to the place of business formerly operated by Ralph E. Waring individually in the Borough of Ferndale and, as a matter of fact, was injured on those premises by a piece of equipment which, before the merger, belonged to Waring individually. Under these circumstances, it cannot be seriously contended that the policy of insurance written by the Lumbermens Mutual Casualty Company covered defendants. As a matter of fact, we do not believe that defendants' counsel so contends. His contention is, rather, that there is an estoppel on the part of the Lumbermens Mutual Casualty Company to deny liability, and it is argued that if the insurance company, through its local agent, had knowledge of the merger and no attempt was made by the company to cancel the policy until after the notifica-

tion of the accident an estoppel was worked against the insurance carrier.

In support of this contention, defendants' counsel cites two cases, one of which is Kocher v. Kocher et al., 300 Pa. 206. In that case, however, it will be observed that, after the local agent of the insurance carrier knew that the individual insured was dead and that his widow was operating the business, the local agent, with this knowledge, delivered a renewal policy to her, and the court held that such delivery estopped the insurance company from questioning the applicability of the policy to the injuries to claimant. This is an entirely different situation from the case we are considering. It would be analogous only if, after knowledge was brought home to the agent of the insurance carrier, it had renewed the policy or written a new policy and had delivered it to defendants.

Counsel also cites the case of Scull v. Scull et al., 109 Pa. Superior Ct. 226. In this case the insurance company's local agent was actually notified of the transfer of interest from the father to the son on three occasions, and delivered a renewal policy containing the same terms and conditions as the old one, upon which the new premium was paid. In this case, the neglect of the local agent, who had a duty to perform after notice rather than knowledge, was the cause of the improperly-written renewal. Under these circumstances, the court held the insurance carrier to be liable.

It will be noted that there is a vast difference between notice and knowledge. In this case, the evidence which defendants referred to in their brief as the basis for rehearing is for the purpose of showing knowledge on the part of the local agent. Such knowledge, in our opinion, would not be sufficient to create a duty upon the local agent a violation of which would result in estoppel.

We have considered the above matters as they are raised in defendants' brief. However, the issue actually

presented is much narrower. The petition for rehearing did not offer to show that the local agent had either notice or knowledge, but only to show that subsequent to the injury the insurance carrier recognized its policy as being still in force, that it had not canceled its policy in accordance with the terms thereof, and that at the time of the injury to claimant the policy was still in force. Even though the testimony which defendants say they can produce would amply prove all of these allegations, the result, as stated by the Workmen's Compensation Board, would remain the same. Certainly, no estoppel can be worked by a recognition of the policy being in force, which recognition was subsequent to the injury. By recognizing that a policy was in force after an injury the carrier in no way prejudiced the rights of defendants. The fact that the policy was "in force" is not controlling, because it obviously was in force so far as any employes of the old firm of Richards and Anderson might be concerned.

We, therefore, enter the following

## Decree

And now, February 9, 1943, after argument and upon due consideration, defendants' exceptions are overruled, the appeal is dismissed, and the decision of the Workmen's Compensation Board is affirmed. The prothonotary is directed to enter judgment in favor of Steve Hoyak, claimant, against Ralph E. Waring, Walter Richards, and H. O. Anderson, a copartnership, trading and doing business as Ferndale Bakery, defendants, in the sum of $1,000.20, together with interest as provided in section 410 of The Workmen's Compensation Act. Defendants are directed to pay to Dr. J. Wollitzer, 429 Lincoln Street, Johnstown, Pa., the sum of $126 and to the Conemaugh Valley Memorial Hospital, Johnstown, Pa., the sum of $93.