Ham *v.* Gouge et ux., Appellants.

Argued March 21, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

G. *Clinton Fogwell, Jr.,* with him *Lawrence A. Goldberg,* and *Reilly and Fogwell,* for appellants.

*Thomas M. Twardowski,* with him *Richard L. Cantor,* and *Lentz, Riley, Cantor, Kilgore & Massey,* for appellee.

OPINION BY CERCONE, J., June 12, 1969:

Plaintiff was injured on April 23, 1962 when gored by a bull on defendants' property located in Kennett Square, Pennsylvania. Plaintiff filed a claim with the Workmen's Compensation Board to recover for his personal injuries. Defendants filed their answer denying the plaintiff was an employee at the time of the accident. Plaintiff thereupon withdrew his claim without determination being made by the Board of either the existing relationship between plaintiff and defendants or of the plaintiff's application for benefits. Plaintiff then filed a complaint in trespass against defendants and defendants filed an answer to this complaint, at which time they did not raise the defense of employer-employee relationship. At trial defendants moved to amend their answer in order to plead the existence of an employer-employee relationship between the parties. Plaintiff pleaded surprise because the issue had not been raised in the pleadings, but the court granted the motion to amend and also granted plaintiff's motion for withdrawal of a juror and continuance of the case. Prior to the second trial, defendants filed New Matter alleging an employer-employee relationship; plaintiff replied; defendants moved for summary judgment and the lower court denied summary judgment holding that defendants were estopped from asserting the defense of employer-employee

relationship because it would be a denial of the position previously taken by defendants in the workmen's compensation proceedings. At the second trial, defendants' offer to cross-examine plaintiff on the relationship existing between the parties, and their offer to introduce evidence, including plaintiff's claim petition in workmen's compensation proceeding, and other evidence, all relating to the question of relationship, were denied by the trial court, and consequently, this evidence was excluded from the trial and from determination by the jury. The jury returned a verdict in favor of the plaintiff in the sum of $6,315.00. Defendants' motion for a new trial was denied and thus this appeal.

The dispositive question is whether the learned lower court was correct in excluding evidence at the trial pertaining to employer-employee relationship on the ground that defendants were estopped from so doing by their answer filed in the workmen's compensation proceedings denying the relationship. The thrust of the learned lower court's approach to this case is predicated primarily on its belief that the principle of estoppel applies here. However, unless all the elements of estoppel are proved to be present in the transaction between the parties, the principle of estoppel is not pertinent to this litigation. In the opinion of this court all the essential ingredients of estoppel are not present. The lower court's finding that plaintiff's withdrawal from the workmen's compensation proceedings stemmed from reliance on defendants' answer in those proceedings is not based on fact or evidence. It is true that estoppel applies if we assume the truth of plaintiff's hypothesis that plaintiff relied on defendants' answer when he withdrew his claim. But, as that hypothesis is an assumed and not a proved fact, the doctrine of estoppel based thereon cannot govern. Both parties were equally familiar with the underlying facts of their relationships and it

is unrealistic to hold that plaintiff relied on defendants' answer any more than on his own independent judgment. Defendants' answer in workmen's compensation proceedings did not contain statements of fact tending to establish defendants' position that plaintiff was not an employee, but rather set forth a conclusion of law to that effect. A mutual mistake as to law, knowledge of which is equally available to both parties, cannot raise an estoppel. In addition, being in equal position with defendants as to knowledge of the facts and circumstances of the relationship which existed between the parties, plaintiff, without more evidence than was produced in the workmen's compensation proceedings, cannot be considered to have been induced, misled, or to have relied on defendants' answer in the workmen's compensation proceedings when he withdrew his petition claim.

As was stated in *Culbertson v. Cook*, 308 Pa. 557, 565 (1932) : ". . . '. . . the doctrine assumes a lack of knowledge by the party claiming the estoppel. In Hill v. Epley (citation omitted), we said, "If, therefore, the truth be known to both parties or if they have equal means of knowledge, there can be no estoppel." . . . Here, the only matter which perhaps was unknown to appellant is a matter of law . . . we must assume the law to have been known to all, and a mistake of that kind will not help either side.' . . ."

Plaintiff depends on several cases decided by the Supreme Court of Pennsylvania and by this court: *Buehler v. Philadelphia & Reading Ry. Company*, 280 Pa. 92 (1924) ; *Kuhn v. Pennsylvania Railroad Company*, 270 Pa. 474 (1921) ; *Welser v. Ealer*, 317 Pa. 182 (1935) ; *Williams v. Baptist Church*, 123 Pa. Superior Ct. 136 (1936). These cases are distinguishable from the instant case. In *Buehler*, the Supreme Court asserted that defendant *"procured* the dismissal of plaintiff's claim in a former proceeding" by an adjudi-

cation in its favor. The court further said, "This action *necessarily forced* the widow to bring suit under the Federal Employer's Liability Act". In the instant case, no such compulsion operated in plaintiff's decision to withdraw his claim petition. Nothing was decided. Plaintiff's claim petition and defendants' answer were still in the realm of allegation, of contention, of issue, of undetermined status. Defendants did not "procure" a dismissal, nor "necessarily forced" plaintiff to withdraw and sue in trespass with the pleadings in this posture. It is interesting to note, also, that in *Buehler*, the trial court admitted into evidence the petition, answer and adjudication, and it was the defendant who complained the court erred in allowing the documents into evidence. Estoppel applied in *Buehler* (dicta notwithstanding) because the facts which defendant attempted to revive for consideration in the subsequent proceedings were those on which he had *"procured"* the dismissal of plaintiff's claim, and "necessarily forced" plaintiff to claim under a different theory in another action. The *Kuhn* case, supra, is not a true estoppel case. Defendant admitted in *Kuhn* the validity of a settlement in workmen's compensation proceedings and, in the attempt to have the settlement reviewed, simply was not able to produce any defense recognized in law to controvert it. Neither is the *Welser* case, supra, apposite to the case now before us. The matter considered in that case was controlled by Statute: Act of 1925, P.L. 23. In the *Williams* case, supra, plaintiff's reliance on a binding contract of settlement entered into with an insurance company in workmen's compensation proceedings estopped the insurance company's attempt to open the proceedings after the statute of limitations had run against plaintiff's right to file suit in trespass. In all these cases on which plaintiff depends in his argument for estoppel, there is the all-important ele-

ment of a previous determination of the inconsistent position either by adjudication or binding action of the parties.

One who stands upon estoppel must establish the essentials thereof by clear, precise and unequivocal evidence. *Frazee v. Morris*, 155 Pa. Superior Ct. 320, 38 A. 2d 526 (1944); *Peoples National Bank of Ellwood City v. Bartel*, 128 Pa. Superior Ct. 128, 193 A. 59 (1937). In this case, there are no facts which clearly lead down an untrammeled road to the conclusion of estoppel. All that is present here is an unadjudicated inconsistent position taken by defendants in a prior proceeding voluntarily withdrawn by plaintiff. Defendants cannot thus be estopped from asserting a position contrary to the one they never had an opportunity to prove or have adjudicated. At most, the defendants' pleadings in the prior action were admissible as admissions and which they had the right to contradict by other evidence. In this context, pleadings are conclusive in their nature only in the cause of action in which they are filed. When the contents thereof are sought to be used in other proceedings, they can only be regarded as admissions by the parties of the facts contained therein: *Barclay v. Barclay*, 230 Pa. 467, 471 79 A. 667 (1911). A prior inconsistent statement in another action does not estop the party from taking a different position in a subsequent independent suit. *Lindsay v. Dutton*, 227 Pa. 208, 212, 75 A. 1096, 1097 (1910); *Com. v. Monongahela Bridge Co.*, 216 Pa. 108, 116, 64 A. 909, 912 (1906); *Floyd v. Kulp Lumber Co.*, 222 Pa. 257, 270, 71 A. 13, 16 (1908); Wigmore on Evidence, Vol. IV, Sec. 1065; *Lapayowker v. Lincoln College Preparatory School*, 386 Pa. 167, 176 (1956). In *Barclay*, supra, the record of a proceeding in which a decree pro confesso was entered for want of appearance was permitted to be used in evidence against plaintiff as an admission against interest and plaintiff

was permitted to controvert it at trial because there was no estoppel. In *Lindsay*, supra, the pleadings in an equity suit, the record of which failed to show what disposition was made, were admitted as evidence of admissions by the parties concerned, to contradict their evidence in a subsequent legal proceeding, and did not estop the parties against whom they were offered from taking a different position on the law side. In *Altsman v. Kelly*, 336 Pa. 481, 488 (1939), the record of a prior action on the same cause in which the trial court entered a compulsory nonsuit, and a motion to remove the nonsuit was withdrawn by leave of court, the Supreme Court held the motion to remove compulsory nonsuit to be a discontinuance which did not constitute either an adjudication of the party's right of action or an acknowledgment that the claim was not good in law.

The instant case does not involve a moral lesson for one side or another. It is predicated on the ancient maxim that every man is entitled to his day in court. Defendants had a right to cross-examine plaintiff in the matter of employer-employee relationship regardless of the legal conclusion set forth in their answer in the workmen's compensation proceeding. They have been denied this right. Hence a new trial is ordered and the record remanded for that purpose.