Opinion by
Head, J.,
In this action of ejectment one George W. Rowland was the common ancestor in title of the parties. It appears from the record that he executed two separate conveyances to different persons, each, on its face, embracing the premises in dispute.' The plaintiff’s title rests on a deed made by said Rowland to his mother, Abbie Rowland, dated September 20, 1874, acknowledged July 16,1875, and recorded August 19, 1878. The defendant plants his right on a conveyance from the same grantor to his sister, Harriet E. Martin, dated, acknowledged and recorded on July 27, 1875. By divers mesne conveyances, that need not here be considered, such estates as passed by *163 these deeds had become vested in the plaintiff and defendant respectively. The plaintiff having rested his case in chief on the paper title above indicated, the defendant answered that the deed from the common ancestor, upon which he relied, was recorded more than three years earlier than the one produced by the plaintiff; and thén undertook to prove by oral evidence, of the most direct and convincing character if the witnesses were credible, that the deed to Abbie Rowland, if ever delivered at all, was not delivered until long after the deed to Harriet Martin had been executed, delivered and recorded. Although the plaintiff was unable to offer any substantial contradiction of this evidence the court, in a charge of which no complaint is made in this respect, submitted to the jury as a question of fact, to determine whether or not, at the time of the execution, delivery and record of the deed from George Rowland to Harriet Martin, the alleged earlier deed to Abbie Rowland, had ever been delivered. Their verdict must be taken as an answer in the negative and it leaves the plaintiff’s title without any foundation on which it can rest. Had he been able to establish that the deed, upon which he must rely, was in existence, a conveyance duly executed and delivered, although unrecorded, at the time of the sale and conveyance to Harriet Martin, then he would have had a basic fact from which he could proceed to prove, if able to do so, that the later vendee had actual notice of the earlier unrecorded deed; or such circumstances in regard to the possession of the premises as would have visited her with constructive notice of the outstanding title; or that by reason of fraud, etc., she was not entitled to the protection of the recording acts as against the earlier purchaser whose deed was not recorded. But with the existence of an earlier deed removed, by the verdict, from the realm of fact to that of allegation merely, all these lines of counter attack were made useless and ineffectual. If, therefore, the plaintiff’s case was fatally damaged by the introduction of evidence which the court could not reject and the jury felt bound to believe, it is difficult to see how the action of the court in the matters assigned for error, to which we will now advert, could have been substantially harmful.
*164 By way of rebuttal the plaintiff offered the record of a mortgage purporting to secure to her vendor a portion of the purchase money recited in the deed to Harriet Martin. This mortgage was dated the same day as the deed, was drawn to be executed by her and her husband, was signed and acknowledged by her alone — and finally reached the record about a year after its date. After the death of George Rowland a sci. fa. was issued thereon by his administratrix. To this a plea was filed signed and sworn to by Mrs. Martin, talcing defense on the grounds that she was a married woman and her husband had not joined; that the mortgage was not her deed and that she owed nothing. Some time later certain facts seem to have been agreed on by counsel and were embodied in a special verdict. There is nothing in any record before us to indicate that Mrs. Martin had any actual knowledge of that proceeding. The substance of that verdict as rendered was that the conveyance from George Rowland to Harriet Martin was without any consideration and made to put his property “out of his hands and beyond the grasp” of certain persons with whom he had become involved. If the plaintiff, seeking to recover on a mortgage, was thus willing to be stated out of court, it may be surmised the mortgagor’s counsel would not long hesitate to allow her to rest her claim on such a foundation. The result was a judgment for the defendant which, on appeal, was affirmed. In the court below this record was received in evidence as an admission by Mrs. Martin tending to contradict her testimony, delivered from the stand, that she was a bona fide purchaser and had paid the full consideration recited in the deed. By their second point the learned counsel for the plaintiff asked the trial court to declare, as matter of law, that the defendant was concluded by that record, and that because of it “ Harriet E. Martin was neither a purchaser for value nor without notice .... as against Abbie Rowland and those claiming under her.” The refusal of this point is the first error assigned and the one perhaps most pressed. To have affirmed the point would, in our judgment, have been serious error. We have been referred to no authority that would warrant such a ruling. On the contrary, there are rhany *165 which declare that, if admissible at all in a subsequent action between different parties, such a record can be used only as a quasi-admission, which is not conclusive but open to explanation by the party to be affected thereby.
In Hart’s Appeal, 8 Pa. 32, Mr. Justice Bell thus spoke of a case stated: “Where a case is stated to procure the judgment of a court on certain facts submitted, effect is not to be given to it beyond those facts, and certainly not to compromise a title springing from a different condition of things. It is not even evidence, in a subsequent proceeding, of the facts stated; for circumstances may be conceded as existing to raise a question of law, without intending to admit them as true, and even without believing them.” What substantial difference can be pointed out between a formal case stated, and a special verdict where the facts are assented to by both sides and then put into the form of a jury’s finding, it is difficult to see. In McLughan v. Bovard, 4 Watts, 308, Gibson, C. J., in discussing this subject, says: “Nor can there be a difference in principle between a verdict and a case stated; for the legal effect must be the same, whether the parties undertake to say the truth for themselves, or put themselves on a jury to say it for them.” In Darlington v. Gray, 5 Whart. 487, Rogers, J., says: “The very object of a case stated, as of a special verdict, is to end the controversy by a judgment in chief on certain ascertained points.” But even if we are not to regard this special verdict as properly classified with a case stated, but rather with the pleadings, then the true effect of their use in a subsequent action is thus stated by Professor Wigmore, vol. II, sec. 1066: “The use here discussed, of informal or quasi-admissions, has nothing to do with the use of pleadings as solemn or judicial admissions (ante, sec. 1057). The latter are conclusive in their nature; but that effect is confined to the cause in which they are made. When used in other causes as ordinary admissions, they are of course not conclusive (on the principle of sec. 1058, ante);” etc. So in 1 Greenl. Ev., sec. 537, cited in Truby v. Seybert, 12 Pa. 101, we find it stated: “So, also, it (a record) is admissible against one of the parties in favor of a stranger, as containing a solemn admission or judicial declaration by such *166 party in regard to any particular fact. But, in these instances, it is received not as an adjudication conclusively establishing the fact, but as the declaration or admission of the party himself, that the fact is so.”
The conclusion we reach, from an examination of these authorities, is that, in permitting the special verdict, agreed on in the action of sci. fa. sur mortgage, to be laid before the jury in the present case, the learned trial court ruled as favorably for the plaintiff as the law would permit him to do. The first assignment is overruled.'
It follows, we think, from what we have already said, that the portion of the charge quoted in the second assignment and the answer of the court to the plaintiff’s third point (third assignment) correctly stated the law. If in an action by the present plaintiff against Harriet Martin herself, her quasi-admissions, found in the special verdict, would not have been conclusive but only adverse testimony to go to the jury subject to any explanations he could offer, a fortiori the court could not declare, as matter of law, that the present defendant, her vendee, was concluded. Besides, with the finding that the deed from Rowland to Harriet Martin was first in point of time, it would follow as a legal conclusion, that she, even if a volunteer, took a good title not only as against her vendor, but against all the world except the creditors of the latter who would suffer by the fraud, and neither this plaintiff nor any of his predecessors in title appear to have been in that category. Neither of these assignments can be sustained.
Nor can we find anything to criticise in the answer of the court to the plaintiff’s fourth point, the subject of the only remaining assignment. The court admitted the evidence of a former judgment, although obtained by default, in an action between the predecessors in title of the present parties, as persuasive evidence in favor of the present defendant. This is precisely the effect that the law, prior to the act of 1901, had, from the earliest times, attached to such a judgment. But the court was pressed to say that such judgment, under the facts in evidence, might alone entitle the defendant to recover. We do not think the learned court was obliged so to charge. It is *167 true that in Koons v. Hartman, 7 Watts, 20, Kennedy, J., in deciding that such a judgment was admissible as persuasive evidence, added “and in a case of doubtful cast from all the other evidence, it ought to be considered sufficient, by the jury to turn the scale in its favor.” The point as presented was not couched in the careful language quoted, and the learned trial court may not have regarded the case as a doubtful one. But looking at the point decided in the many cases on the subject, we think it clear enough that the answer to the point followed the plain track marked out by the decisions. The fourth assignment is dismissed.
Judgment affirmed.