Bee, Incorporated, *v.* Pizor, Appellant.

Argued December 15, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Francis H. S. Ede,* for appellant.

*Carleton T. Woodring*, with him *Francis E. Walter* and *Dallas Dillinger, Jr.*, for appellee.

OPINION BY PARKER, J., February 26, 1937:

This is an action in assumpsit brought by Bee, Incorporated, to recover from Lewen Pizor the purchase price of certain motion picture equipment. Plaintiff obtained the verdict of a jury. The judgment entered thereon was reversed and a new trial was awarded by this court (117 Pa. Superior Ct. 598, 178 A. 525) for certain trial errors, principally the admission of certain irrelevant writings. The case was submitted to another jury and the plaintiff again recovered a verdict. The case now comes to this court on an appeal by the defendant wherein he complains of the refusal of his motions for judgment n. o. v. and for a new trial.

The plaintiff averred in its amended statement of claim that it was the distributor for Northampton and Lehigh Counties of goods manufactured and handled by Amplion Corporation of America (hereafter referred to as Amplion), and L. P. Clark was the general sales representative of Amplion for Pennsylvania; that on or about February 4, 1929, the defendant, by his then manager and representative, George C. Meeser, entered into an agreement with the plaintiff, through its representatives, Byron H. Eckert and L. P. Clark, for the purchase of a complete theatre talking picture equipment for the sum of $1,600; that the equipment was shipped between February 8 and August 23, 1929; and that the defendant installed and retained the equipment but has refused to pay for the same. The plaintiff also made claim for an item of $29.33 not now in controversy.

In his affidavit of defense the defendant denied that he had any dealings with Bee, Inc., or received any equipment from it and denied that George C. Meeser had any authority to order or purchase equipment for

him. He asserted, however, that he had ordered talking picture equipment from L. P. Clark on condition that it be delivered in ten days and that it should be satisfactory to defendant. He admitted that he had received the equipment described in the statement of claim.

The plaintiff on trial produced evidence tending to prove its allegations, but no evidence was furnished by the defendant. The appellant contends that the evidence produced by the plaintiff was not sufficient to support a finding that the defendant contracted with the plaintiff for the equipment or that George C. Meeser had authority from the defendant to make the purchase of the same. While several of the ten assignments of error complain of the admission of testimony, the grounds of objection to such testimony disappear if there was sufficient evidence to support a finding that Meeser was the agent of defendant. The question involved is therefore as to the sufficiency of the proof to make out the contract alleged and the agency of Meeser, and as a consequence it is necessary to consider only whether the defendant was entitled to judgment n. o. v.

Since the plaintiff has the verdict of a jury, we must view the evidence in a light most favorable to it and it is entitled to all reasonable inferences that may be drawn from the evidence. We will so examine it.

At the outset we have the admission of defendant that he entered into a contract with L. P. Clark as the distributor for Amplion for the purchase of one complete theatre talking picture equipment and that he received the equipment described by items in the statement of claim and for which suit was brought. That is to say, defendant admits that he made a contract with someone for this very equipment for the price claimed by plaintiff and on the same terms, except that the equipment was to be shipped in ten days and was to be satisfactory to the defendant. After preliminary

negotiations between Clark and Pizor, at which time the subject of the same was agreed upon and the price fixed, Pizor expressed a desire to have the equipment inspected by the manager of defendant's theatre in Nazareth before he agreed to purchase it. Thereupon appointments were made for a meeting in New York at which representatives of Amplion, Byron H. Eckert, plaintiff's salesman, and Meeser, defendant's manager, would be present. The parties met and Meeser inspected the equipment and expressed himself as satisfied. An order was made out whereby the goods would be shipped by the plaintiff as distributor and Meeser was particularly advised that the goods would be billed in the name of the plaintiff. The goods were received by defendant, but there was some delay in the delivery of part of the equipment. The defendant, however, retained and used the equipment and there is no evidence that defendant returned or offered to return it. Under these circumstances there was sufficient evidence to support a finding by the jury that the contract and sale of the goods was finally consummated between plaintiff and defendant.

While plaintiff relied upon inferences to sustain a finding that Meeser was the agent of Pizor to finally consummate the contract, such finding is a reasonable inference under all the evidence. If there is any doubt on this score, it is eliminated by the subsequent receipt and retention of the goods. Clark and Pizor had outlined the terms of the contract subject to an inspection of the equipment by Meeser whom Pizor sent as manager of his theatre to New York for the purpose of satisfying him that he wished to make the purchase. When we take into account the facts that Pizor admits that he made a contract for this very equipment at the price claimed and then received, retained, and used the goods after notice to the manager of his theatre that the goods would be billed by the plaintiff, the jury were

warranted in finding that the contract was between plaintiff and defendant. Pizor was located in Philadelphia and Meeser was located in Nazareth where he managed the theatre with all the powers that that term implies.

As we pointed out when this case was before us on the first appeal, part of the equipment was used in the theatre in Nazareth and part was shipped by defendant to an Allentown theatre owned by him where it was used long after defendant knew that plaintiff claimed to have sold the equipment to defendant. This of itself is a conclusive answer to defendant's contention.

The defendant also claims that he had the right to rescind the contract because the equipment was not all shipped within ten days after the order was placed and because the equipment was not satisfactory to defendant. Even if we assume that defendant's version of the agreement is the only one that can be sustained under the evidence, his contention is still without merit. The defendant could not rescind the contract for breach of a warranty that the goods would be satisfactory to defendant unless he notified the seller within a reasonable time of his discovery of the alleged failure and returned the goods or offered to return them: Act May 19, 1915, P. L. 543, §69 (69 PS 314). Neither could he rescind because of delay in delivery where he accepted the goods when delivered without complaint, retained and used them. The fact is that there was no evidence of an offer to return the goods until suit was brought which was several years after the goods were received. This, as a matter of law, was not a reasonable time. The defendant received and retained the goods and should therefore pay for them.

Judgment affirmed.