# Buehler *v.* Philadelphia & Reading Ry. Co. et al., Appellants.

*Estoppel—Record of former proceeding—Admission of record— Defense—Practice, C. P.—Workmen's compensation—Interstate commerce employment—Railroads—Negligence — Res judicata — Act of June 26, 1919, P. L. 642.*

1. A defendant, in an action between the same parties, who has procured the dismissal of plaintiff's claim in a former proceeding, through the substantive defense of jurisdiction, is estopped in a subsequent action from denying the position then taken, the affirmative of which grounds the second action, unless the admission of record on which the estoppel is based is the result of fraud, accident or mistake.

2. A railroad company sued by one of its own conductors cannot set up as a defense that plaintiff was not engaged in interstate commerce at the time of the accident, where the record of the petition, answer and adjudication of a workmen's compensation board produced in evidence shows that the proceeding before the board was dismissed because the railroad company had successfully established its claim that the conductor was engaged in interstate commerce.

3. In such case it seems that the answer alone would be sufficient.

4. Papers properly certified from the Workmen's Compensation Board is all that the Act of June 26, 1919, P. L. 642, requires when matters from the board are to be proved.

*Negligence—Railroads—Federal Employer's Liability Act—Risk of employment.*

5. The employer may defend under the Federal Employer's Liability Act, unless the injury is due to a violation of a statute enacted for the safety of employees.

6. The employee assumes as a risk of employment such dangers as are normally and necessarily incident to his occupation.

7. A workman of mature years is taken to assume such risks whether he is aware of the risks or not.

8. Such risks as are unusual, extraordinary and unexpected, the workman does not assume until he becomes aware of their existence.

9. It is only in a clear case that the question of an assumption of risk is one of law for the court.

10. Where there are doubts as to the facts or inferences to be drawn from them, the case is for the jury.

11. The burden of proof as to the assumption of risk is on defendant.

12. In this case the question of assumption of risk by a conductor of a fast train who was injured by the negligent shifting of cars in a railroad yard, where he was obliged to stop for orders, was, under all the evidence in the case, properly submitted to the jury.

Argued February 18, 1924.   Appeal, No. 81, Jan. T., 1924, by defendants, from judgment of C. P. Schuylkill Co., March T., 1919, No. 45, on verdict for plaintiff, in case of Rose Buehler, Administratrix of John Buehler, deceased, for use of herself and children, v. Philadelphia & Reading Railway Co. and Walker D. Hines, Director General of Railroads of the United States.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before BERGER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,000.   Defendant appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court, quoting record.

*John F. Whalen,* with him *George Ellis,* for appellant. —The judgment in the proceedings before the Compensation Board was not evidence to establish the fact of interstate commerce.

Defendant company had a right to assume that its employee would perform his duty with due regard for his

own safety, and not voluntarily occupy or place himself in a position of danger.

*A. D. Knittle,* with him *G. H. Gerber,* for appellee, cited, as to res judicata: State Hospital for Criminal Insane v. Water Supply Co., 267 Pa. 29; Heisler v. Colliery Co., 274 Pa. 448.

As to assumption of risk: Caldwell v. Brown, 53 Pa. 453; Dutrey v. R. R., 265 Pa. 215; Burns v. Coal Co., 223 Pa. 473; Ulm v. Tin Plate Co., 263 Pa. 327; Williams v. Clark, 204 Pa. 416.

OPINION BY MR. JUSTICE KEPHART, March 17, 1924:

Train No. 58 of the Philadelphia & Reading Railroad is a fast freight running over two railroad divisions, from Williamsport to Philadelphia. The end of the first division is at Tamaqua, where there is a change of engine and crew. John Buehler was to be the conductor on the second division out of Tamaqua. On the night of January 18, 1917, the train was brought into Tamaqua, stopped at the usual place, where Buehler received from the incoming conductor the card manifests to take his train to Philadelphia. It thereafter became his duty to go to the yard office to receive necessary orders for the run to Philadelphia. The office was located between many tracks, and, as related to this train, was across the northbound and two yard tracks, about thirty feet from where the engine of train 58 stopped.

The two yard tracks just mentioned were used for making up trains. The custom was to kick cars on the yard tracks, north of where this engine stopped, and from the momentum thus acquired distribute them to various tracks running from the yard track as desired.

Trains were in process of being made up when this fast train came through the yard. After deceased had received the manifests or tickets, and while attempting to reach the yard office for orders, one of the cars, running without motive power attached and without light,

signal or man in front, struck Buehler immediately opposite the office and killed him. His widow, believing her rights were under the compensation law, filed a claim as required by the statute. Defendant objected, specifically denying the jurisdiction of the compensation board, and averred the train was engaged in interstate commerce. The referee found as a fact it was so engaged, and denied the claim.

This action necessarily forced the widow to bring suit under the Federal Employer's Liability Act, which she did, and recovered a judgment in the court below, from which this appeal was taken.

It is now urged that the court below erred in admitting in evidence the petition and answer and the adjudication of the compensation board, offered to show defendant was engaged in interstate commerce. A defendant, in an action between the same parties, having procured the dismissal of plaintiff's claim in a former proceeding, through the substantive defense of jurisdiction, is estopped in a subsequent action from denying the position there taken, the affirmative of which grounds the second action, unless the admission of record on which the estoppel is based is the result of fraud, accident or mistake. See Morrett v. Fire Association of Philadelphia, 265 Pa. 9, 13, 14. Of its own volition, the question, an engagement in interstate commerce, was adjudicated in its favor, and, while the complaint before the compensation board and the adjudication might not be competent evidence of the fact of interstate engagement, the answer to the claim petition furnishes such proof. To further offer the adjudication, based solely on the defense interposed, merely substantiates the conclusiveness of the answer to the claim petition and prevents defendant from denying it. The papers were properly certified from the board, and that is all the act requires when matters from that bureau are to be proved. See section 433 of the Workmen's Compensation Act, as amended by the Act of June 26, 1919, P. L.

642, 669. The court below did not err in admitting the papers.

The employer may defend under the Employer's Liability Act, unless the injury is due to a violation of a statute enacted for the safety of employees. The employee assumes as a risk of employment such dangers as are normally and necessarily incident to his occupation, and a workman of mature years is taken to assume them whether he is aware of them or not. But risks of any other sort, not naturally incident to the occupation, may arise out of the failure of the employer to exercise due care; these are the unusual, extraordinary and unexpected acts which the employee does not assume until he becomes aware of their existence. Unless the risk or act in such case is so obvious that an ordinarily prudent man might have observed it, the employer is liable: Dutrey v. P. & R. Ry. Co., 265 Pa. 215. It is only in a clear case that the question of an assumption of risk is one of law for the court; but where there are doubts as to the facts or inferences to be drawn from them, the case is for the jury. The burden of proof as to the assumption of risk is on the defendant: Dutrey v. P. & R. Ry. Co., supra.

It was for the jury to determine under the facts whether the risk was assumed by Buehler.

He was to take a fast train to Philadelphia. Defendant knew the train had just pulled into the yard from Williamsport. Its servants knew, or should have known, its exceptional character as a fast train, loaded with high grade freight, usually perishable goods, or stock, necessitating quick movement. Whatever the kind of freight, it was a train which the company intended was to receive quick action, clearing the way of any impediments to travel. Deceased knew this, and that he was to get his train out of the yard as quickly as possible. While it is in evidence that making up a train by kicking cars into the various tracks is the usual way, and a conductor ordinarily assumes such risks, when all the facts

are considered it cannot be held as matter of law that his widow may not recover in this action. Taking into account the character of train he was called on to move, the necessity for prompt action, his duty to cross the tracks for orders and return as soon as possible, while in this act intent on manifests of cards that evidenced the character of freight, some of which might require extra attention, such as stock, it was for the jury to say whether, under all the circumstances, he assumed the unusual risk of being in the way of cars running without motive power, lights, signals and without a man in front to warn of danger,—whether at this particular time defendant, knowing the train was there, should not have exercised extra precaution. We cannot hold, as matter of law, under these circumstances, that the danger was so obvious that deceased should have protected himself, and his failure to do so was negligence. Since the case is close, the questions were for the jury. Nor does his remark to Minier as he lay on the track change our conclusion. Its interpretation, not clear to us, was for the jury, as well as the credibility of the witness.

Defendant's points refused were covered by the general charge, and need no further attention. The failure to charge on the amount of the husband's earnings necessary for support, is likewise immaterial. The other points raised, not specifically discussed, we do not consider of merit.

The assignments of error are overruled, and the judgment is affirmed.