## SELECTED RISKS INSURANCE COMPANY

v.

## Mitchell E. KOBELINSKI and Small Business Administration, an Agency of the United States Government.

### Civ. A. No. 76–2631.

United States District Court,
E. D. Pennsylvania.

Oct. 12, 1976.

Frank L. White, Jr., John S. Bevan, Duane, Morris & Heckscher, Paoli, Pa., for plaintiff.

David W. Marston, U. S. Atty., E. D. Pa., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is plaintiff, Selected Risks Insurance Company's (SRIC) motion to remand this case to the Court of Common Pleas of Montgomery County, Pennsylvania. The present action was commenced in that court on July 27, 1976, and removed here on August 18, 1976 by petition of defendant, Small Business Administration[1] (SBA).

This lawsuit stems from a construction subcontract and related surety bonds made in connection with the Lackawanna River Sewer Basin Authority's construction of a sanitary sewer system in Blakely, Pennsylvania. On March 4, 1974, Mele Construction Company (Mele), the general contractor on the project, entered into a subcontract with Northeastern Sewer Services (Northeastern). In order to obtain funds to perform the job, Northeastern sought a loan from the First National Bank of Peckville (Peckville). As a precondition to any loan, Peckville required Northeastern to obtain surety bonds to insure performance of the subcontract and payment of labor and materialmen. In addition, Peckville wanted to be named as an insured party on these bonds.

The required bonds were issued by SRIC on April 8, 1974, the closing date of the loan, at which time SRIC entered into an agreement with SBA under which SBA guaranteed 90% of all losses on the bonds. Subsequently, of course, Northeastern defaulted in its performance, triggering liability on the bonds. Initially, Peckville commenced suit against SRIC (plaintiff in the present action) in the Court of Common Pleas of Lackawanna County (No. 716, Jan. Term, 1975). SRIC removed that action to the United States District Court for the Middle District of Pennsylvania, where it became Civil Action No. 75–226, and joined the SBA as Third Party Defendant.

SBA then moved to dismiss the Third Party Complaint on the grounds, inter alia, that the court lacked subject matter jurisdiction since the claim was in excess of $10,000.[2] This motion was granted by Order of Honorable William J. Nealon on September 16, 1975, which dismissed the third party complaint "without prejudice to the right of [SRIC] to reinstate said action . . . in the United States Court of Claims."[3]

SRIC chose not to seek relief in the Court of Claims, but went instead to the Court of Common Pleas of Montgomery County, where it commenced an action on the SBA guarantee identical in substance to the previously dismissed Third Party Complaint.[4] Contending now that this court *has* subject matter jurisdiction, the SBA, represented by the United States Attorney, has removed the action here pursuant to 28 U.S.C. § 1441(a).[5] Plaintiff opposes removal and

---

1. Defendants in this action are Mitchell E. Kobelinski, in his official capacity as Administrator of the Small Business Administration, and the Small Business Administration, an agency of the United States Government. They are represented by the United States Attorney.

2. 28 U.S.C. § 1346 grants the District Court concurrent jurisdiction with the Court of Claims of:

    (2) Any . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or

upon any express or implied contract with the United States . . .

3. Both parties state that the motion was unopposed (plaintiff's motion to remand ¶ 9; defendant's memorandum in opposition at 1.).

4. Common Pleas has jurisdiction of actions against the SBA pursuant to 15 U.S.C. § 634(b)(1) which permits the SBA Administrator to sue and be sued in state courts.

5. § 1441(a) allows removal of " . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."

moves to remand, claiming that the SBA should be estopped to deny this court's lack of jurisdiction by its position in the former litigation.

■ *Subject Matter Jurisdiction*—The Court is satisfied that, were it necessary so to decide, subject matter jurisdiction would exist in this Court. The two statutes bearing on the matter are 28 U.S.C. § 1346(a)(2) which provides in pertinent part that:

(a) The district courts shall have jurisdiction, concurrent with the Court of Claims of:

(2) Any . . . civil action or claim against the United States, *not exceeding $10,000 in amount,* founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. (emphasis added)

and 15 U.S.C. § 634(b)(1) which provides that:

(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator [of the SBA] may—

(1) sue and be sued in any court of record of a State having general jurisdiction, or in *any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy* . . . (emphasis added)

■ Thus, the issue is whether § 634 modifies the general jurisdictional requirements of § 1346(a)(2), or more specifically, whether the language, "without regard to amount in controversy," of § 634 speaks to all jurisdictional amount requirements, including § 1346(a)(2)'s requirement of not greater than $10,000 in controversy, or only to the requirements of the general diversity and federal question jurisdictional statutes[6] that the amount in controversy exceed $10,000.

■ Cases decided before the dismissal of SRIC's third party complaint in the prior action have held that subject matter jurisdiction exists in the district courts pursuant to § 634 for actions against the SBA where the amount in controversy exceeds $10,000. *Mar v. Kleppe,* 520 F.2d 867 (10th Cir. 1975); *Romeo v. United States,* 462 F.2d 1036 (5th Cir. 1972), *cert. denied,* 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973); *Simpkins v. Davidson,* 302 F.Supp. 456 (S.D. N.Y.1969). These decisions represent sound statutory construction and the Court would be inclined to follow them. It is a maxim of statutory construction that the specific governs the general. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Bulova Watch Co. v. United States,* 365 U.S. 753, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961). Here, the general rule of § 1346(a)(2) must give way to the specific rule provided by Congress for SBA cases in § 634. The Court is thus satisfied that it would have subject matter jurisdiction to hear the present action pursuant to its original jurisdiction, and therefore also pursuant to removal jurisdiction.

■ *Judicial Estoppel*—If the issue of jurisdiction were being decided on a clean slate, it would be necessary to deny the motion for remand. However, the SBA's contention in the former action that the Court lacked jurisdiction, and its procurement of a dismissal on that ground, estops it, under the doctrine of "Judicial Estoppel," from now asserting a contrary view in this Court. "Judicial Estoppel" is a well established rule that a party may not assert contrary positions in the same or related proceedings. It is, more properly, a rule which estops a party from "playing fast and loose" with the courts. *Scarano v. Central R. Co. of N. J.,* 203 F.2d 510 (3d Cir. 1953); *In Re Johnson,* 518 F.2d 246 (10th Cir.), *cert. denied,* 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975).

This doctrine has been applied in cases where a party has changed his contention with respect to jurisdiction to suit his pur-

**6.** 28 U.S.C. §§ 1331, 1332.

poses. In *Iselin v. La Coste*, 147 F.2d 791 (5th Cir. 1945), the court held that one who admitted the existence of Subject Matter Jurisdiction in a first litigation would not be heard to contend in a subsequent collateral litigation between the same parties that jurisdiction had been lacking. Exactly the opposite situation pertains here, but the same rule of estoppel should apply. See also, *Jett v. Zink*, 474 F.2d 149 (5th Cir.), *cert. denied*, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 104 (1973).

In addition, directly on point is *Buehler v. Philadelphia & Reading R. Co.*, 280 Pa. 92, 124 A. 325 (1924) where the Pennsylvania Supreme Court held that:

A defendant, in an action between the same parties, having procured a dismissal of plaintiff's claim in a former proceeding, through the substantive defense of jurisdiction, is estopped in a subsequent action from denying the position there taken, the affirmative of which grounds the second action, unless the admission of record on which the estoppel is based is the result of fraud, accident, or mistake.

280 Pa. at 95, 124 A. at 326. While not binding on the district court on an issue of federal jurisdiction, the Court considers this holding an accurate statement of the federal rule which should be applied. There is no evidence here of fraud, accident or mistake. It is clear that the SBA knowingly and intentionally assumed its earlier position and must accept its ramifications now.

The SBA has procured a dismissal in the prior action by contending that the Court lacked jurisdiction and now wishes to effect a removal by asserting that the Court has jurisdiction. The plaintiff has been removed from his chosen forum, only to be returned there once he has made alternate arrangements. This course of action has consumed the time of three busy courts with a lawsuit which could most conveniently have been handled in one.

Removal of this case is predicated on jurisdiction in this Court. Because the SBA is estopped to assert jurisdiction, plaintiff's motion to remand will be granted.

Plaintiff has also moved for costs of $500. pursuant to 28 U.S.C. § 1447(c) which provides that the district court may order payment of just costs when remand is granted. While the Court strongly disapproves of defendant's tactics here, payment of costs will not be ordered. The Court will exercise its discretion to order costs only in cases of flagrant bad faith such as *Ralphs Grocery Co. v. Meat Cutters Union*, 379 F.Supp. 281 (C.D.Cal.1973), where a second removal petition was filed in the face of the denial of the first. Here, defendant seems to have planned poorly and miscoordinated its actions, however, there is no strong evidence of bad faith motives. Accordingly, in so far as it seeks costs, plaintiff's motion is denied.