John A. WADE, Plaintiff,

v.

WOODINGS–VERONA TOOL WORKS, INC. a Pennsylvania Corporation, Defendant.

Civ. A. No. 78–711.

United States District Court, W. D. Pennsylvania.

March 19, 1979.

John M. Webb, Webb, Burden, Robinson & Webb, Pittsburgh, Pa., for plaintiff.

David G. Ries, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

1. *Under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201 et seq., the creation of the remedy for declaratory judgment requires that*

## MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

The instant action is brought by plaintiff and counterclaim defendant, John A. Wade, for damages resulting from a breach of a disclosure agreement whereby defendant and counterclaim plaintiff, Woodings-Verona Tool Works, had agreed to keep confidential certain trade secrets necessary for the manufacture of Wade's patented tool for grasping heavy containers. Woodings has filed a counterclaim for a declaratory judgment that plaintiff's patent is invalid. Wade now moves for summary judgment on this counterclaim. For the reasons which follow, Wade's motion for summary judgment is granted.

Wade asserts that he is only seeking remedy for Woodings' breach of the alleged disclosure agreement which was made when he was assisting Woodings in developing a tool similar to the one which he had patented. He arduously maintains he is not making any claim for patent infringement. Consequently, Wade submits that there is no justiciable controversy present concerning the validity of his patent and, therefore, that Woodings' counterclaim is not proper.[1] Woodings admits that Wade is not now asserting his patent, but takes the position that an actual controversy as to the patent's validity is present in Woodings' apprehension of a future suit against it by Wade for back royalties based on the patent. *cf. Dewey and Almy Chemical Co. v. American Anode, Inc.*, 137 F.2d 68 (3d Cir. 1943) *cert. den.* 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943). Woodings is understandably concerned about a subsequent assertion of the patent by Wade. Such apprehension, however, may reasonably be allayed by Wade's sworn statement:

> "I have never made a claim for patent infringement against Woodings-Verona for their manufacture of their tool for grasping heavy containers of Exhibit A, do not make such claim now, nor will I

there be an actual controversy within the court's jurisdiction.

*make such claim in the future."* Affidavit of John A. Wade in support of plaintiff's motion for summary judgment at 2.

■■ In light of this sworn representation, any subsequent attempt to assert a suit for infringement would be foreclosed by the doctrine of judicial estoppel. The doctrine was first articulated by the United States Court of Appeals for the Third Circuit in *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir. 1953), "*a party may be precluded by a prior position taken in litigation from later adopting an inconsistent position in the course of a judicial proceeding.*" *See Teamsters' Steel Haulers Local Union No. 800 v. Lakeshore Motor Freight Co.*, C.A. No. 77–92 (W.D.Pa. 1978); 1B Moore's Federal Practice Sec. 0.405[8]. As noted in *Scarano* the doctrine of judicial estoppel is distinct from other theories of estoppel and may be applied any time a litigant plays "'*fast and loose with the courts' which has been emphasized as an evil the courts should not tolerate.*" 203 F.2d at 513.

■■ The possibility that Wade may not subsequently prevail in the instant action does not preclude an application of the doctrine. While there is some disagreement among the circuits as to whether judicial estoppel should only foreclose successfully-maintained positions and successful litigants,[2] this Court feels it proper to adhere to the spirit of a broader application as espoused in *Scarano* and would advocate its application to preclude a subsequent infringement suit by Wade without regard to his success in the present action.[3]

Accordingly, plaintiff's motion for summary judgment on defendant's counterclaim is granted based upon the availability of judicial estoppel to defendant.

---

2. *See City of Kingsport, Tenn. v. Steel & Roof Structure, Inc.*, 500 F.2d 617 (6th Cir. 1974); *Parker v. Sager*, 85 U.S.App.D.C. 4, 174 F.2d 657 (1949); *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 99 F.2d 9 (1st Cir. 1938) *cert. den.* 305 U.S. 659, 59 S.Ct. 362, 83 L.Ed. 427 (1939). This Court feels that such a limited application of the doctrine is a result of its being confused with other estoppel theories. *See 1B Moore's Federal Practice Sec. 0.0405[8] at 769–770, and Scarano, supra at 512.*

---

3. *The case law in this circuit leaves little doubt that such an action would be a vain endeavor. Scarano, supra; Glick v. White Motor Co.*, 458 F.2d 1287 (3d Cir. 1972); *Teamsters' Steel Haulers Local Union No. 800 v. Lakeshore Motor Freight Co.*, C.A. No. 77–92 (W.D.Pa.1978). *See also, Selected Risks Insurance Co. v. Kobelinski*, 421 F.Supp. 431 (E.D.Pa.1976).