**[J-23-2024]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| ELITE CARE, RX, LLC | : No. 25 WAP 2023 |
| | : |
| v. | : Appeal from the Order of the |
| | : Superior Court entered May 23, |
| PREMIER COMP SOLUTIONS, LLC; | : 2023 at No. 1144 WDA 2020, |
| LAUNDRY OWNERS' MUTUAL LIABILITY | : affirming the Order of the Court of |
| INSURANCE ASSOCIATION; UPMC | : Common Pleas of Allegheny County |
| BENEFIT MANAGEMENT SERVICES, INC. | : entered June 5, 2020 at No. GD-19- |
| D/B/A UPMC WORK PARTNERS; | : 005312 and remanding. |
| LACKAWANNA CASUALTY COMPANY; | : |
| AND BRICK STREET MUTUAL | : ARGUED: April 9, 2024 |
| INSURANCE COMPANY | : |
| | : |
| APPEAL OF: PREMIER COMP | : |
| SOLUTIONS, LLC AND BRICK STREET | : |
| MUTUAL INSURANCE COMPANY | : |

## OPINION IN SUPPORT OF AFFIRMANCE

**JUSTICE DOUGHERTY**                                          **DECIDED: JULY 17, 2024**

I agree with Justice Wecht's well-reasoned opinion finding the panel below "misinterpreted Subsection 306(f.1)(5) [of the Workers' Compensation Act (the Act), 77 P.S. §531(5)] and created a state of affairs that plainly conflicts with the Act's exclusive remedy provision." Opinion in Support of Reversal at 14. Nevertheless, I would affirm the decision below and allow the civil action filed by Elite Care, RX, LLC to proceed based on the doctrine of judicial estoppel.

The facts of this case are not in dispute.[1]  Appellant Insurers refused to make payments to Elite Care totaling $548,035.28 in prescriptions for 110 injured employees on the basis that Elite Care was not a provider under the Act.  Significantly, in a letter dated March 16, 2018, an attorney from Premier Comp Solutions, LLC[2] told Elite Care that if it disagreed with Insurers' decision, "its exclusive remedy is to file an Application for Fee Review with the Pennsylvania Workers' Compensation Bureau." Complaint, 4/9/2019, at Exhibit 1.  "Based solely upon these . . . representations, and in an abundance of caution," Elite Care attempted to confirm its provider status, and receive payment, by filing fee review petitions for each patient, as Insurers demanded.  *Id.* at ¶30.  But when some of those fee review determinations started to go in Elite Care's favor, "[t]o Elite Care's surprise, and in direct contrast to [Insurers'] prior representations, [Insurers] then appealed these decisions to a Hearing Officer and argued that the Fee Review process lacked jurisdiction over this issue of whether Elite Care was an agent of these Providers."  *Id.* at ¶32.  "Those Hearing Officers authored Opinions and Orders finding that the Fee Review process lacked jurisdiction over this issue and specifically advising that Elite Care may wish to pursue other remedies, which may be available outside of the fee review process."  *Id.* at ¶33.  Rather than appealing to the Commonwealth Court, Elite Care again did as instructed and filed the civil action at issue, seeking a declaration that it is a provider under the Act and also alleging fraud, civil conspiracy, and unjust enrichment.  In response, Insurers filed preliminary objections, alleging, *inter alia*, the trial court lacked subject-matter jurisdiction because Elite Care was required to seek payment

---

[1] As this appeal is from the trial court's order overruling Insurers' preliminary objections, we must accept as true the facts alleged in Elite Care's Complaint.  *See Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020).

[2] According to the Complaint, "Premier Comp served as the Third Party Administrator and/or Bill Payer for [Insurers] with respect to the claims at issue."  Complaint, 4/9/2019, at ¶9.

through the workers' compensation system pursuant to the Act's exclusivity provision, 77 P.S. §481. *See* Preliminary Objections of Premier Comp Solutions, LLC, at 4-5. The trial court overruled Insurers' preliminary objections and the Superior Court affirmed.

Before this Court, Insurers continue to argue the trial court lacked jurisdiction over Elite Care's civil action. Generally, and going forward, I agree trial courts lack jurisdiction over civil actions seeking payment for workers' compensation benefits for the reasons set forth in the Opinion in Support of Reversal. However, I conclude judicial estoppel bars Insurers from advancing that argument in this particular case.

"Judicial estoppel is an equitable, judicially-created doctrine designed to protect the integrity of the courts by preventing litigants from 'playing fast and loose' with the judicial system by adopting whatever position suits the moment." *Sunbeam Corp. v. Liberty Mut. Ins. Co.*, 781 A.2d 1189, 1192 (Pa. 2001). In short, it "prohibits parties from switching legal positions to suit their own ends." *Id*. And, importantly, this Court has held judicial estoppel may even apply to jurisdictional arguments. *See Buehler v. Philadelphia & R. Ry. Co.*, 124 A. 325, 326 (Pa. 1924) ("A defendant, in an action between the same parties, having procured a dismissal of plaintiff's claim in a former proceeding, through the substantive defense of jurisdiction, is estopped in a subsequent action from denying the position there taken, the affirmative of which grounds the second action, unless the admission of record on which the estoppel is based is the result of fraud, accident, or mistake.") (citation omitted); *see also Ligon v. Middletown Area Sch. Dist.*, 584 A.2d 376, 380 (Pa. Cmwlth. 1990) ("Judicial estoppel has been applied to prevent a party from changing his or her position regarding jurisdiction because it suited that party's interests.") (citation omitted).

Here, it is clear that Insurers have assumed inconsistent positions. First, Insurers told Elite Care it had to utilize the fee petition process within the Workers' Compensation

Bureau. Then, once Elite Care started succeeding before that body, Insurers appealed and argued the fee review hearing officers lacked jurisdiction to determine provider status. After Insurers' argument persuaded the hearing officers to dismiss Elite Care's fee petitions, Elite Care filed a civil suit. During the civil action, Insurers again switched their position and argued to the trial court that it lacked jurisdiction because provider status must be determined through the workers' compensation system.

Insurers admit their position has changed, but they claim the switches are simply due to "uncertainty in the case law as to whether an entity that did not directly provide healthcare services to a workers' compensation claimant was entitled to bring claims for reimbursement for medical bills before a Fee Review Hearing Officer or a Workers' Compensation Judge." Insurers' Brief at 9 n.1. They specifically point to *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegman's Food Markets, Inc.)*, 206 A.3d 660, 672 (Pa. Cmwlth. 2019) (*en banc*) (provider status may be determined by fee review hearing officer under the Act), which distinguished and, to the extent it was inconsistent with its decision, overruled *Selective Insurance Co. of America v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 86 A.3d 300, 305 (Pa. Cmwlth. 2014) (determination of provider status beyond scope of the fee review process). But this decision does not justify Insurers' tactics.

As noted, on March 16, 2018, over one year prior to the decision in *Armour Pharmacy*, an attorney for Insurers told Elite Care its exclusive remedy was through the fee review process. In truth, though, *Selective Insurance* remained precedential at the time, meaning Elite Care's fee petitions were doomed to fail because Insurers intended to challenge their provider status. When that in fact happened, Elite Care was instructed — both by then-prevailing law and by individual hearing officers — to file a civil action.

*See Physical Therapy Institute, Inc. v. Bureau of Workers' Compensation Fee Review Hearing Office (Selective Insurance Co. of SC)*, 108 A.3d 957, 960 (Pa. Cmwlth. 2015) (reaffirming *Selective Insurance* and advising that if "either party believe[s] that the other is effecting a fraud, it can pursue that claim in a legal action, such as a declaratory judgment action"); N.T. Fee Review Hearing, 5/7/2019, at 9-10 (Elite Care asserting "the only reason that [it] had filed in Fee Review was based upon opposing counsel's statement to [it] that Fee Review was its exclusive remedy" and noting "[t]hat language was also mirrored in [the hearing officer's] previous Order, which stated . . . Elite Care RX, LLC may also wish to pursue other remedies which may be available outside of the Fee Review process."); *see* also Elite Care's Trial Court Brief at 10 (observing that "even the workers' compensation forum itself has agreed that [Elite Care']s civil action is appropriate" and noting that "Elite Care has taken the precise legal action that the Commonwealth Court suggested it should in *Physical Therapy*").

Yet, in the face of that civil action, Insurers again changed positions and argued the trial court lacked jurisdiction. Although *Armour Pharmacy* may have justified Insurers' final switch, it does not explain their earlier conduct. Instead, it seems apparent that Insurers continuously changed course only to avoid liability. Thus, rather than reward Insurers for their gamesmanship, I would apply *Buehler* and hold Insurers are judicially estopped from challenging the trial court's jurisdiction over Elite Care's civil action.